Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3615 | **DATE** | May 22, 2013 |
| **CASE TITLE** | Kenneth McDowell (#2012-0922229) v. Officer Diaz, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted and the partial initial filing fee is waived. The Clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The Clerk is directed to issue summonses for service on Defendants Officer Diaz and Paramedic O'Mackey, and the United States Marshals Service is appointed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for attorney representation [#4] is denied.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, currently a pre-trial detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Diaz subjected him to excessive use of force when he applied handcuffs to his sprained wrist on December 8, 2012. He also alleges that Paramedic O'Mackey denied him pain medication for his hurt wrist. Plaintiff further alleges that Defendant Cermak Health Services failed to provide him with medical care for his resulting injuries.

Plaintiff's motion for leave to proceed in forma pauperis is granted and his initial partial filing fee is waived.. According to the statement submitted with his in forma pauperis application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal claim against Defendant Diaz for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). The Court further finds that Plaintiff has articulated a colorable claim for failure to provide medical
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

care as to Defendant O'Mackey. *Davis v. Carter*, 452 F.3d 686, 696 (7th Cir. 2006). While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint.

However, Cermak Health Services is not a suable entity. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). Consequently, Cermak Health Services is dismissed as a Defendant. The Court further notes that Plaintiff makes generalized deliberate indifference to a serious medical condition for ongoing medical issues, but names no Defendant for this claim. Plaintiff will have to submit a proposed amended complaint if he wishes to pursue this claim.

The Clerk shall issue summonses forthwith for service on Defendants Diaz and O'Mackey (hereinafter, "Defendants"). The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If Defendants can no longer be found at the work address provided by Plaintiff, the Cook County Jail shall furnish the Marshal with Defendants' last-known addresses. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on Defendants' behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff has filed a motion for attorney representation. The motion is denied. Plaintiff has no right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff does not plead that he suffers from any physical or mental impairment. Further, his current pleadings indicate that he has the presence of mind and intellectual capability to continue representing himself at this stage of the proceedings. Accordingly, his motion for attorney representation is denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59. (7th Cir. 2007). The motion is denied without prejudice to renewal should the case proceed to a point that attorney representation is appropriate.